**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| JaShon Williams, | : | Case No. 1:25-cv-438 |
| Plaintiff, | : | |
| vs. | : | Judge Jeffrey P. Hopkins<br>Magistrate Judge Kimberly A. Jolson |
| Keeney, et al., | : | |
| Defendants. | : | |

**ORDER AND REPORT AND RECOMMENDATION**

Before the Court is Defendants' Motion to Dismiss (Doc. 28). Defendants ask the Court to dismiss this case without prejudice under Federal Rule of Civil Procedure 41(b) for want of prosecution. For the following reasons, the Undersigned **RECOMMENDS** the Motion be **DENIED**.

## I. BACKGROUND

Plaintiff, who is incarcerated, filed a *pro se* civil rights Complaint that alleges Ohio Department of Rehabilitation and Correction Officers Keeney and Stringer violated his rights under the Eighth Amendment of the U.S. Constitution. (Doc. 1; *see also* Doc. 10). Following a screen of Plaintiff's Complaint, the Court set the parties' discovery deadline to September 4, 2026, and the dispositive motions deadline to October 5, 2026. (Doc. 18). Several weeks ago, the Court received a letter from Plaintiff indicating his confusion about "what's going on" in this case. (Doc. 25). So, the Court ordered the parties to confer and file a joint status report detailing their discovery progress. (Doc. 26). Defendants report that their counsel and Plaintiff participated in a telephone conference on August 11. (Doc. 27).

Up to that point, Plaintiff had not served any discovery requests on Defendants. (*Id.* at 1). And at the conference, Plaintiff "acknowledged that he did not intend to make or serve any discovery requests moving forward" and instead would rely on body-worn camera footage and surveillance footage to support his case. (*Id.*). Defendants' counsel offered to retrieve the footage and allow an opportunity for Plaintiff to inspect any relevant videos. (*Id.* at 2). To facilitate this, Defendants also recommended that the parties jointly request an extension to the discovery and dispositive motions deadlines. (*Id.*). But when Defendants' counsel prepared a status report reflecting this information for Plaintiff to sign, Plaintiff "refused to execute" it. (*Id.*). Defendants say this refusal shows Plaintiff is "uncooperative and unwilling to prosecute his case," and they subsequently filed the Motion at bar. (*Id.*; *see also* Doc. 28). Though Plaintiff has not yet responded to the Motion, the Undersigned does not need his response to consider this issue.

## II. STANDARD

The Court's inherent authority to dismiss an action because of a party's failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders. *See* Fed. R. Civ. P. 41(b); *see also* *Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–32 (1962)). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3)

> whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't.*, 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

"The decision to dismiss for failure to prosecute lies in the sound discretion of the trial court." *Lytle v. Scott*, No. 2:15-CV-3117, 2017 WL 226256, at *2 (S.D. Ohio May 24, 2017) (citing *Knoll*, 176 F.3d at 363).

## III. DISCUSSION

Defendants argue all four of the *Schafer* factors supporting dismissal are met. (Doc. 28). The Undersigned does not agree the factors ultimately weigh in favor of dismissal.

First, Defendants cite Plaintiff's failure to request discovery and participate in the discovery process as demonstrative of his willfulness, bad faith, or fault. (*Id.* at 5). Up front, this is not a case where Plaintiff is refusing to respond to Defendants' discovery requests. *Cf. Bratton v. Nat'l R.R. Passenger Corp.*, 66 F.3d 325 (Table) (6th Cir. 1995) (affirming dismissal for want of prosecution where the plaintiff did not comply with the defendant's request for discovery); *Clay v. PNC Bank, Nat'l Ass'n*, No. 2:22-CV-2253, 2022 WL 16926027, at *2 (S.D. Ohio Nov. 14, 2022) (dismissing under Rule 41(b) where the plaintiff, among other things, did not respond to discovery requests), *report and recommendation adopted*, No. 2:22-CV-2253, 2023 WL 2919148 (S.D. Ohio Apr. 12, 2023). Rather, Plaintiff did not serve discovery requests himself. Defendants cite no caselaw for the idea that Plaintiff's failure to request discovery demonstrates bad faith. And while Plaintiff's refusal to sign the status report contravenes a Court order and shows some level of willfulness or bad faith, the Undersigned is not persuaded that this single instance alone

justifies the extreme remedy of dismissal.

Next, Defendants say they are prejudiced by Plaintiff's conduct extending the litigation because "[e]ach day Defendants continue to be named in a civil lawsuit their credit is affected along with the ability to seek employment, their personal reputations are called into question, etc." (Doc. 28 at 5). Defendants have not named prejudice unique to them as compared to any other defendant. Further, Defendants recommended that the case schedule deadlines be extended to allow time for Plaintiff to inspect the relevant surveillance footage. (Doc. 27 at 2 ("Defendants recommended that the parties request the Court to extend the discovery cut-off . . . .")). It is odd for Defendants to now justify dismissal based on an "extension of litigation" when they initially offered the same to Plaintiff. And Plaintiff's conduct has not otherwise extended litigation beyond what was contemplated in the scheduling order. As it stands, a short extension to this litigation to permit Plaintiff a final chance to participate in discovery is not unduly prejudicial.

Next, Defendants seem to imply that Plaintiff's repeated failures to "advance this matter or to further develop or pursue his remaining claims of action" mean Plaintiff should have understood that his case could be dismissed. (Doc. 28 at 5). However, the Court did not warn Plaintiff that his failure to cooperate could lead to dismissal. Under *Schafer*, this factor weighs against Defendants.

Lastly, Defendants submit that their requested dismissal without prejudice is a less drastic sanction than dismissal with prejudice. (*Id.*). But given the balance of the factors, the Undersigned concludes that dismissal without prejudice is not the least drastic option available.

Instead, the Court **EXTENDS** the case schedule deadlines. Discovery in this case is now due on or before October 6, 2026, and dispositive motions are due on or before November 20, 2026. Plaintiff is **WARNED** that his obligation of litigating this case extends to following Court

orders and cooperating with Defendants to complete discovery in a timely, efficient manner. Plaintiff is also **WARNED** that the Court will not extend the case schedule deadlines further. If he wishes to review video footage in Defendants' possession, custody, or control, he must work with Defendants' counsel to schedule an inspection before October 6. He should not delay. The Court will afford him no more time.

***

As a final note, Defendants' Motion indicates that Plaintiff has not provided them with his current address. (Doc. 28 at 5). At present, the docket reflects that Plaintiff is being housed at Southern Ohio Correctional Facility. But his recent letter shows a return address at Ohio State Penitentiary ("OSP"). (Doc. 25 at 2; *see also* Doc. 28 at 7 (Defendants' certificate of service serving Plaintiff at the OSP address)). Ultimately, it is Plaintiff's responsibility to keep the Court and Defendants updated as to his mailing address. If he has moved institutions, he must file a notice of change of address immediately. Out of an abundance of caution, the Clerk is **DIRECTED** to mail this Order and Report and Recommendation to Plaintiff both at the address listed on the docket and the following address:

JaShon Williams, #A792-974
Ohio State Penitentiary
878 Coitsville-Hubbard Rd.
Youngstown, Ohio 44505

## IV. CONCLUSION

For the foregoing reasons, the Undersigned **RECOMMENDS** that Defendants' Motion to Dismiss (Doc. 28) be **DENIED**. The Court additionally **EXTENDS** the case schedule deadlines. Discovery is due on or before October 6, 2026, and dispositive motions are due on or before November 20, 2026.

**IT IS SO ORDERED.**

Date: August 25, 2026

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE

**PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed finding or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specific proposed findings or recommendations to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a forfeiture of the right to have the district judge review the Report and Recommendation *de novo* and in a forfeiture of the right to appeal the decision of the District Court adopting the Report and Recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530–31 (6th Cir. 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).